IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff,<br>　vs.<br><br>CHRISTOPHER SMITH,<br>　　　　　　Defendant. | 8:20-CR-78<br><br>ORDER REGARDING DEFENDANT'S PENDING MOTIONS |

　　　Now before the Court are several pro se filings from defendant Christopher Smith, including an untimely Notice of Appeal, Filing 225, of this Court's May 5, 2022 Judgment; a financial affidavit, Filing 226, which the Court construes as a motion for leave to proceed in forma pauperis on appeal; a Notice of Excusable Neglect, Filing 227, which the Court construes as a motion for an extension of time in which to file Defendant's appeal; and a Motion to Withdraw Counsel, Filing 228, in which Defendant requests that his trial counsel withdraw because he allegedly provided ineffective assistance of counsel. Defendant's Motions to proceed without costs and for an extension of time will be denied. Defendant's motion to permit new counsel is a matter for the Court of Appeals.

　　　Defendant pleaded guilty to conspiring to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846, possession with intent to distribute a mixture containing methamphetamine in violation of 21 U.S.C. § 841, and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). On May 4, 2022, the Court imposed a sentence of concurrent terms of imprisonment of 126 months on each drug charge and 60 months' incarceration on the gun charge, to be served consecutively to the 126-month terms of incarceration. Filing 219 at 2. The Court entered its Judgment on May 5, 2022. Filing 219 at 1. On July 1, 2022, the Eight Circuit Court of Appeals received notice from

1

Defendant, which was eventually docketed in this Court, that he was appealing this Court's Judgment. Filing 225. Contemporaneously, Defendant submitted a Notice of Excusable Neglect, Filing 227; an affidavit indicating his inability to pay filing fees, Filing 226; and a Motion to Withdraw Counsel, Filing 228. Defendant's financial affidavit is dated June 27, 2022. Filing 226 at 1. None of Defendant's other documents indicate a date they were drafted or sent.

The Court begins with Defendant's Notice of Excusable Neglect, Filing 227, which the Court construes as a motion for an extension of time in which to file an appeal. In a criminal case, a defendant's "notice of appeal from a judgment of conviction must be filed within . . . 14 days after the entry of the judgment of conviction." Fed. R. App. P. 4(b)(3)(A). However, "[u]pon a finding of excusable neglect or good cause, the district court may . . . extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4). Here, the Court entered its Judgment on May 5, 2022. Filing 219. Thus, Defendant's deadline to file a notice of appeal was May 19, 2022. *See* Fed. R. App. P. 4(b)(3)(A). Even if the Court were to find "excusable neglect or good cause," it is without power to extend Defendant's appeal deadline past June 18, 2022, *see* Fed. R. App. P. 4(b)(4), and Defendant's Notice of Appeal was not filed until July 1, 2022, Filing 225. Defendant's appeal is untimely, and any request to extend the deadline beyond the time allowed for in the Federal Rules of Appellate Procedure must be denied.

Turning to Defendant's financial affidavit, which the Court construes as a motion for leave to proceed in forma pauperis on appeal, Filing 226, it too must be denied. The Court notes that Defendant had retained counsel during the proceedings he seeks to appeal from, though he was, at one point, found to be unable to afford counsel. *See* Filing 12 (appointing the Federal Public Defender as counsel); Filing 19 (notice of attorney appearance by retained counsel). Pursuant to

Federal Rule of Appellate Procedure 24(a)(3)(A), a defendant who "was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization," unless the district court "certifies the appeal is not taken in good faith" and provides the reasons for its finding in writing. Fed. R. App. P. 24(a)(3)(A). Because the Defendant's appeal is clearly untimely, Defendant is without arguable claims on appeal. Thus, Defendant's untimely appeal is "not taken in good faith." *Id.*

Finally, Defendant seeks "withdrawal" of his current counsel. Filing 228. Because a notice of appeal has already been filed in this matter, whether or not counsel may withdraw is a matter to be determined by the Court of Appeals. *See* 8th Cir. R. 27B(a) ("Defendant's trial counsel, whether retained or appointed, shall represent the defendant on appeal, unless the Court of Appeals grants permission to withdraw."). This Court cannot reach that question. Accordingly,

IT IS ORDERED:

1. Defendant's request for an extension of time in which to file his appeal, Filing 227, is denied;

2. Defendant's request to proceed in forma pauperis on appeal, Filing 226, is denied because his appeal is untimely, so it is not taken in good faith; and

3. Defendant's Motion to Withdraw Counsel, Filing 228, is referred to the Eighth Circuit Court of Appeals pursuant to 8th Cir. R. 27B(a) for disposition along with Defendant's Notice of Appeal.

Dated this 13th day of July, 2022.

                                            BY THE COURT:

                                            Brian C. Buescher
                                            United States District Judge