IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>CHRISTOPHER SMITH,<br><br>        Defendant. | 8:20-CR-78<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATION** |

Christopher Smith pleaded guilty in November 2021 to conspiracy to distribute 50 grams or more of methamphetamine (actual), possession with intent to distribute a mixture or substance containing methamphetamine, and "knowing . . . use or carrying of [a] firearm [ ] n relation to, or . . . in furtherance of, a drug trafficking crime." Filing 147. Smith was sentenced in May 2022. Filing 218 (text minute entry); Filing 219 (Judgment). This matter is before the Court on Smith's Motion to Vacate under 28 U.S.C. § 2255, filed in May 2023. Filing 238. After initial review, the Court dismissed two grounds of his Motion and referred the third—an alleged failure by Smith's counsel to appeal Smith's sentence—to the magistrate judge for an evidentiary hearing and to issue Findings and Recommendation on the matter. Filing 253. Following an evidentiary hearing, Filing 284, then-U.S. Magistrate Judge Susan M. Bazis[1] found that Smith's "assertion that he instructed [his former attorney] to file a [timely] notice of appeal is not credible" and recommended that the Motion to Vacate be denied. Filing 285. Smith filed an objection to the Findings and

---

[1] Judge Bazis is now a district court judge in the District of Nebraska.

1

Recommendation. Filing 289. For the reasons below, the Court overrules Smith's objection, accepts the Findings and Recommendation, and denies the Motion to Vacate.

## I. INTRODUCTION

### A. Factual Background

While on patrol in Omaha, Nebraska, on December 18, 2019, Omaha Police officers stopped a Cadillac CTS for a traffic violation. Filing 216 at 7. Defendant Smith, a passenger in the vehicle, had a firearm case with a Taurus PT709 9mm handgun between his legs and approximately 5.26 grams of a mixture containing methamphetamine. Filing 216 at 7. During a post-*Miranda* interview, Smith admitted to using the firearm while selling drugs. Filing 216 at 7.

A few months later, drug task force officers learned that Smith was selling methamphetamine and was using a Silver Mercedes to store narcotics. Filing 216 at 7. On February 28, 2020, officers observed the Mercedes parked outside Smith's apartment and saw a codefendant enter the Mercedes briefly before returning to Smith's apartment. Filing 216 at 7. Shortly thereafter, Smith and his two codefendants entered a Chrysler 200, prompting officers to converge and place them under arrest. Fling 216 at 7. During a search of Smith and the Mercedes, officers located narcotics and two cell phones. Filing 216 at 7. Additional narcotics and drug paraphernalia were discovered in subsequent searches during the investigation. Filing 216 at 7–8. In a post-*Miranda* interview, Smith explained that his codefendants received drugs from a source in Mexico and that the conspiracy had made multiple 30-pound deliveries to Omaha since August 2019. Filing 216 at 7–8.

### B. Procedural Background

Smith was indicted on February 19, 2020, for a violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) for possessing a firearm as a felon. Filing 1. A superseding indictment was filed on June

17, 2020, indicting Smith on five counts: conspiracy to distribute methamphetamine; possession with intent to distribute methamphetamine; "knowing . . . use or carrying of [a] firearm [ ] n relation to, or . . . in furtherance of, a drug trafficking crime"; possession of a firearm by a felon; and another count of possession with intent to distribute methamphetamine. Filing 32. Smith, then represented by retained counsel whom Smith now claims was ineffective, entered into a plea agreement in which Smith pleaded guilty to conspiracy to distribute methamphetamine, possession with intent to distribute methamphetamine, and "knowing . . . use or carrying of [a] firearm [ ] n relation to, or . . . in furtherance of, a drug trafficking crime." Filing 147. In return, the Government dismissed the latter two counts of Smith's superseding indictment and immunized Smith from federal prosecution for additional drug trafficking crimes about which the Government then knew. Filing 147. The plea agreement did not contain any agreement as to "a specific sentence or sentencing range" that would have bound the Court upon acceptance of the plea agreement under Fed. R. Crim. P. 11(c)(1)(c). *See generally* Filing 147. However, the plea agreement contained a waiver of Smith's rights to appeal and collateral attack his conviction and sentence. Filing 147. In his Petition to Enter a Plea of Guilty, Smith indicated that he was "satisfied with the job [counsel] ha[d] done for" him. Filing 146.

      The magistrate judge held a Change of Plea Hearing on November 22, 2021. Filing 143 (text minute entry). At the change-of-plea hearing, the magistrate judge questioned Smith about his counsel's performance, whether Smith and his counsel reviewed the petition and plea agreement, and if they discussed possible defenses. Filing 153 at 17–22, 25. Smith stated that he had no questions or issues and that he was satisfied with his counsel. Filing 153 at 17–22, 25. The magistrate judge submitted a Findings and Recommendation on Plea of Guilty, finding:

> (1) the plea is knowing, intelligent, and voluntary; (2) there is a factual basis for the plea; (3) the provisions of Rule 11 and any other provisions of the law governing the submission of guilty pleas have been complied with; (4) a petition to enter a plea of guilty, on a form approved by the court, was completed by the defendant, defendant's counsel and counsel for the government, accompanied the defendant's plea, and was placed in the court file; (5) any plea agreement is in writing and was placed in the court file; (6) there are no agreements or stipulations other than as contained in the written plea agreement.

Filing 145. The magistrate judge recommended that the Court "accept the guilty plea and find the defendant guilty of the crime(s) to which the defendant tendered a guilty plea; and he accept any written plea agreement placed in the court file" Filing 145. Notably, Smith never objected to the magistrate judge's Findings and Recommendation. The Court accepted the Findings and Recommendations. Filing 159. On May 4, 2022, the Court sentenced Smith to a term of 186 months followed by a five-year term of supervised release. Filing 218 (text minute entry); Filing 219 (Judgment).

On July 1, 2022—well after Smith's deadline to appeal had passed—Smith filed a notice of appeal. Filing 225. A "Notice of Excusable Neglect" accompanied Smith's notice of appeal. Filing 227. In this "Notice," Smith explained that the Bureau of Prisons placed him at USP Leavenworth after sentencing, which "denied him access" to his attorney. Filing 227 at 1. The "Notice" further stated that when the Bureau of Prisons transferred Smith to other facilities, he and his family members called his former defense counsel but received no response. Filing 227 at 1. Smith also implied in his contemporaneously filed "Motion to Withdraw Counsel" that he was not able to speak with his former defense counsel before being placed at USP Leavenworth. Filing 228 at 1–2. The Court construed Smith's "Notice of Excusable Neglect" as a motion to extend the time to file an appeal. Filing 229 at 1. The Court denied this request, noting that Federal Rule of Appellate Procedure 4(b)(4) did not allow the Court to extend the time to file an appeal more than

4

30 days after the time to file an appeal had expired. Filing 229 at 1 (citing Fed. R. App. 4(b)(4)). Later, on August 17, 2022, the Eighth Circuit denied Smith's appeal as untimely. Filing 236 at 1.

On May 1, 2023, Smith filed the Motion to Vacate under 28 U.S.C § 2255 that is presently before the Court. Filing 238. In his Motion, Smith raised three grounds for his Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, *i.e.*, a motion for habeas relief, all related to ineffective assistance of counsel: (1) his attorney failed to file a direct appeal as Smith requested; (2) his attorney did not properly advise him about pleading guilty and his plea agreement; and (3) his attorney did not provide or let him view discovery. Filing 238 at 2–7. The Court determined during initial review that "for at least one of Smith's grounds," it did not "'plainly appear[ ]' that Smith is not entitled to relief." Filing 240. Accordingly, the Court ordered the United States to respond to Smith's Motion. Filing 240 (quoting Rule 4(b) of the Rules Governing Section 2255 Proceedings). After the Government responded, the Court dismissed the second and third grounds of Smith's Motion and referred the first ground—the alleged failure by Smith's lawyer to file a timely appeal—to the magistrate judge for an evidentiary hearing. Filing 253 at 13. The magistrate judge conducted an evidentiary hearing on February 5, 2024. Filing 284. The magistrate judge issued Findings and Recommendation after the hearing, concluding that the Motion to Vacate should be denied. Filing 285. Smith objected on the basis that the magistrate judge "erred in finding prior counsel credible" and finding Smith not credible. Filing 289-1. The Government responded, stating that the "Findings and Recommendation are correct, particularly the credibility determination of the witness testimony from the evidentiary hearing." Filing 290 at 2.

## II. ANALYSIS

### A. Applicable Standards

*1. De Novo Review of Objection to Findings and Recommendation*

When a party objects to a magistrate judge's proposed findings and recommendation, "[a] judge of the court shall make a de novo determination of those portions . . . to which objection is made." 28 U.S.C. § 636(b)(1); *accord Gonzales-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) (When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections . . . ."). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If desired, a reviewing district court judge may "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Under *de novo* review, a reviewing court "makes its own determinations of disputed issues and does not decide whether the magistrate[] [judge's] proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989). *De novo* review is non-deferential and requires an independent review of the entire matter. *See Salve Regina Coll. v. Russell*, 499 U.S. 225, 238 (1991) ("When de novo review is compelled, no form of appellate deference is acceptable."); *United States v. Backer*, 362 F.3d 504, 508 (8th Cir. 2004) ("'De novo' is a Latin term literally meaning 'as new.' Our review is independent and not premised on the district court's appropriate use of its discretion. We are concerned only with the proper application of the law. . . ."). When a party contests a magistrate judge's findings that resulted from an evidentiary hearing, the reviewing district court judge does not need to conduct another hearing. *See United States v. Raddatz*, 447 U.S. 667, 674 (1980) (holding that 28 U.S.C. § 636 "calls for a de novo

determination, not a de novo hearing"). Instead, the district court discharges its duty by, at a minimum, listening to a tape recording or reading a transcript of the evidentiary hearing. *See United States v. Azure*, 539 F.3d 904, 910–11 (8th Cir. 2008). Here, the Court has read the transcript of the suppression hearing and has reviewed the exhibits admitted at the hearing.

*2. Motion to Vacate Standards*

Smith brings his Motion pursuant to 28 U.S.C. § 2255, which permits federal prisoners to ask the sentencing court to "vacate, set aside, or correct" a sentence upon a showing that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "Section 2255 is an outgrowth of the historic habeas corpus powers of the federal courts as applied to the special case of federal prisoners." *Jones v. Hendrix*, 143 S. Ct. 1857, 1865 (2023); *see also Odie v. United States*, 42 F.4th 940, 944 (8th Cir. 2022) ("Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." (internal quotation marks omitted) (quoting *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011))). Relief under § 2255 is limited, as it "does not encompass all claimed errors in conviction and sentencing." *Meirovitz v. United States*, 688 F.3d 369, 370 (8th Cir. 2012) (quoting *Sun Bear*, 644 F.3d at 704).

Normally, under the Supreme Court's test for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), courts consider "whether counsel's performance was deficient, and if so, whether prejudice resulted." *United States v. Harris*, 83 F.4th 1093, 1097 (8th Cir. 2023) (internal quotations and citation omitted). "To prove ineffective assistance of counsel, [Smith] must show (1) his attorney's performance fell below an objective standard of reasonableness, and (2) a reasonable probability that, but for that deficient

performance, the result of the proceeding would have been different." *Love v. United States*, 949 F.3d 406, 409 (8th Cir. 2020) (citing *Strickland*, 466 U.S. at 688). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome' or 'a substantial, not just conceivable, likelihood of a different result.'" *Meza-Lopez*, 929 F.3d at 1044–45 (quoting *United States v. Frausto*, 754 F.3d 640, 643 (8th Cir. 2014)). There is a "strong presumption" that counsel rendered reasonable performance. *Id.* "Failure to establish either *Strickland* prong is fatal to an ineffective-assistance claim." *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011). Accordingly, there is no need to "inquire into the effectiveness of counsel . . . if [the Court] determine[s] that no prejudice resulted from counsel's alleged deficiencies." *Ramirez v. United States*, 751 F.3d 604, 607 (8th Cir. 2014).

However, the standard is different when the alleged ineffective assistance of counsel relates to the failure to file an appeal at the defendant's request. The Eighth Circuit has explained, "An attorney's failure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel, and no specific showing of prejudice is required." *United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014) (citations omitted). "Even if the client waived his right to appeal as part of a plea agreement, prejudice is presumed if the client asked his attorney to file a notice of appeal and the attorney did not do so." *Id.* In other words, a criminal defense attorney's representation is *per se* unreasonable if he or she fails to file an appeal at a client's request. *See Witthar v. United States*, 793 F.3d 920, 922 (8th Cir. 2015). If an attorney fails to file an appeal, prejudice is presumed. *See id.* at 922–23. Thus, failing to file an appeal at the defendant's request automatically satisfies both *Strickland* prongs and requires a court to resentence the defendant so he or she can timely appeal. *See Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000). Nevertheless, to obtain relief, a defendant "must show that he manifestly 'instructed [his] counsel

8

to file an appeal.'" *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014) (alteration in original) (quoting *Barger*, 204 F.3d at 1182). "A bare assertion by the petitioner that [he] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Id.* (cleaned up)

### B. Smith Did Not Direct His Counsel to File a Timely Appeal

The only issue that needs to be resolved is whether Smith directed his counsel to file a timely appeal of his sentence. Smith avers that he did direct his counsel to appeal immediately after sentencing. Filing 238 at 4 ("My attorney . . . failed to file a direct appeal."). Smith's former counsel—who testified at the evidentiary hearing before the magistrate judge—avers that he was never directed to timely appeal. Filing 284 at 33 (testifying, "I know he did not instruct me to" file an appeal during a conversation immediately after the sentencing hearing). Thus, the crux of this dispute involves the credibility of the two witnesses: Smith and his former lawyer. The magistrate judge determined that Smith was not credible while his former lawyer was credible, stating:

> Based on the evidence and testimony presented at the evidentiary hearing, the undersigned finds Defendant's assertion that he instructed [Smith's lawyer] to file a notice of appeal is not credible. The undersigned further finds [Smith's lawyer] assertion that he was never instructed to file an appeal is credible. The undersigned concludes that Defendant did not instruct [Smith's lawyer] to file an appeal.

Filing 285 at 10. The Court agrees with the magistrate judge.

As recognized by the magistrate judge, "It is undisputed that Defendant spoke to [his lawyer] very briefly at the conclusion of the sentencing hearing and that [the lawyer] indicated to Defendant that they would speak further by phone in a few days. The only dispute is the actual content of that short conversation." Filing 285 at 8. Smith contends that he asked his lawyer to file an appeal of his sentence during this conversation, whereas Smith's lawyer avers that Smith made no such request. Filing 238 at 4; Filing 284 at 33. There is no dispute that Smith and his lawyer

9

had no other communications during the time to file a timely appeal, so Smith's Motion to Vacate depends solely on whether Smith directed his lawyer to appeal during their brief post-sentencing conversation. The Court concludes that Smith never gave this direction.

Two considerations guide the Court's determination that Smith is not credible on this issue. First, regarding credibility determinations, the Eighth Circuit has stated that a "magistrate judge's credibility determination after personally hearing and observing [a witness's] testimony is virtually unassailable on appeal." *United States v. Mitchell*, 55 F.4th 620, 623 (8th Cir. 2022). Regarding the credibility of Smith's attorney, the magistrate judge found:

> [Smith's lawyer] is an experienced criminal attorney with years of practice in federal court. [Smith's lawyer] testified at several points during the hearing that if he was instructed to file an appeal, he would have done so. [Smith's lawyer] expressed his understanding of his obligation to appeal when instructed to do so, despite any disagreement with the merits of an appeal. [Smith's lawyer's] July 2022 letter to Defendant sets out the grounds for [Smith's lawyer's] decision not to file an appeal.[2] The content of this letter does not necessarily show [Smith's lawyer] was trying to excuse himself from ignoring a direction to appeal. Rather, the Court construes the letter as setting out an explanation of [Smith's lawyer's] thoughts regarding the propriety of an appeal.

Filing 285 at 8–9. The magistrate judge was also satisfied that any "discrepancies between [Smith's lawyer's] affidavit and his hearing testimony," were due to "inartful[ ] draft[ing]" and not any "decepti[on]." Filing 285 at 9. Conversely, although the magistrate judge "appreciate[d] that Defendant was generally forthright at the hearing," she found that Smith was not credible. Filing 285 at 9–10. The magistrate judge emphasized that Smith "testified [at the evidentiary hearing] that he did not completely understand the waiver [of his right to appeal]," which totally contradicted earlier testimony during his Change of Plea hearing that "he understood he was giving

---

[2] This letter states, in relevant part: "I've received a few voicemails from you. Regarding your appeal, I did not file an appeal for a number of reasons. First, you waived your right to appeal as part of the deal. Second, you had no nonfrivolous issues." Filing 277-1 at 2.

10

up that right." Filing 285 at 9. The Court sees no reason to diverge from the magistrate judge's well-reasoned credibility determinations.

Second, a voicemail that Smith left with his lawyer in June 2022, well past the appeal deadline, indicates that Smith did not "manifestly instruct his counsel to file an appeal." *Walking Eagle*, 742 F.3d at 1082 (cleaned up). In the voicemail, Smith stated, "We never got to talk about anything, but I'm hoping that you filed a notice of an appeal. I know we only have 14-days to do that, and any reasonable person would want to do that." Filing 280 (Ex. 103). The word "anything" in Smith's statement that "[w]e never got to talk about anything" logically includes the chance to talk about an appeal. Bolstering this determination are Smith's statements that he was "hoping that [his counsel] filed a notice of [ ] appeal" because "any reasonable person would want to do that." These statements imply that Smith's counsel should have filed an appeal because it would have been reasonable to do so, not because Smith "manifestly instructed his counsel to file an appeal." *Walking Eagle*, 742 F.3d at 1082 (cleaned up). Smith's late assertion—first made in May 2023—that he directed his lawyer to file an appeal in May 2022 is belied by these statements made in his June 2022 voicemails. *See id.* ("A bare assertion by the petitioner that [he] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition."). Thus, the Court finds that Smith's assertion that he directed his lawyer to file an appeal immediately after sentencing is not credible. Accordingly, because Smith failed to direct his lawyer to file a timely appeal, his Motion to Vacate under 28 U.S.C § 2255 fails.

### III. CONCLUSION

Smith did not direct his attorney to appeal his sentence within the period during which an appeal could have been filed. Accordingly,

11

IT IS ORDERED:

1. The U.S. Magistrate Judge's Findings and Recommendation, Filing 285, is accepted;

2. Defendant Smith's Objection, Filing 289, is overruled;

3. Defendant Smith's Motion to Vacate, Filing 238, is denied.

Dated this 17th day of May, 2024.

BY THE COURT:

Brian C. Buescher
United States District Judge